IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| XAVIER JONQUE WHEELER,<br><br>*Movant*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Respondent*. | §<br>§<br>§<br>§<br>§  Civil Action No. SA-14-CV-729-XR<br>§  Criminal Case No. SA-3-CR-391-XR<br>§<br>§<br>§<br>§ |

# D I S M I S S A L   O R D E R

Before the Court is Defendant Xavier Jonque Wheeler's 28 U.S.C. § 2255 Motion to Vacate Federal Sentence (Docket Entry # 114). For the following reasons, Defendant's motion is DENIED.

## I. Background

Following a 2004 jury trial, Defendant Wheeler was convicted of federal controlled substance and firearms offenses. On appeal the Fifth Circuit rejected Wheeler's Fourth Amendment suppression issue but vacated and remanded for resentencing. *U.S. v. Wheeler*, No. 4-50543 (5th Cir., Aug. 16, 2005). On remand, this Court sentenced Wheeler to a total 322 months. This sentence was affirmed. *U.S. v. Wheeler*, No. 6-50325 (5th Cir., May 1, 2007). Due to retroactive application of Sentencing Guideline amendments, this Court reduced Wheeler's sentence in 2009 and again on November 9, 2011. Wheeler is currently serving a 200 month sentence.

Wheeler's § 2255 Motion contends: 1) Shawn Gaston's consent to the search of her residence was coerced and involuntary, leading to discovery of the controlled substances and firearms used against Wheeler, and 2) his pre-arrest detention exceeded a valid *Terry* stop.

## II. Analysis

### A. Statute of Limitations

Wheeler's § 2255 Motion is barred by the one-year statute of limitations of § 2255. 28 U.S.C. § 2255(f).  Wheeler's conviction became final no later than November 25, 2011, fourteen days after the most recent modification of his sentence.  *See* Fed. R. App. P. 4(b)(1)(A). Wheeler's § 2255 Motion is dated and deemed filed August 4, 2014.  There was more than a one year interval between the time Defendant's conviction became final and the filing of his § 2255 Motion. Thus, his § 2255 Motion is untimely.

Wheeler claims his untimely Motion should be excused because he relies on newly discovered evidence. Statutes of limitations can be equitably tolled in rare and exceptional circumstances. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982); *Conaway v. Control Data Corp.*, 955 F.2d 358, 361–62 (5th Cir.1992). Newly discovered evidence can trigger equitable tolling. *See Baldwin v. Layton*, 300 F. App'x 321, 324 (5th Cir. 2008).  The new evidence Defendant claims entitles him to tolling consists of the Affidavit of Anthony Neal which states that on August 7, 2003, Shawn Gaston told Neal police officers coerced her to consent to the search of her residence by telling her she would go to jail if she did not cooperate with the prosecution.  Wheeler also submits a signed statement from Shawn Gaston asserting Neal and Wheeler's claims "are factual in nature."

Wheeler fails to explain why this evidence is newly discovered, i.e. why it could not have been previously presented.  In any event, the Neal Affidavit is inadmissible hearsay. *See* FED. R.

E. 802-803. The newly submitted Shawn Gaston signed statement does not qualify as an affidavit because it fails to state particular facts. Additionally, when Shawn Gaston testified at the 2004 suppression hearing, this Court concluded she voluntarily consented to the search of the residence, and the Fifth Circuit upheld this finding. (*See* Docket Entry # 33.)

Lack of representation, lack of legal training, ignorance of the law, and unfamiliarity with the legal process do not justify equitable tolling. *U.S. v. Petty*, 530 F. 3d 361, 365-66 (5th Cir. 2008). Defendant does not allege newly discovered facts that could not have been previously discovered with the exercise of due diligence and fails to assert any other basis for excusing his failure to timely file his § 2255 Motion. Therefore, Wheeler's Motion is untimely and barred.

**B. Merits under § 2255**

Wheeler's § 2255 Motion is also meritless. Section 2255 provides for relief where:

> the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

Relief in a proceeding collaterally attacking a sentence under § 2255 is limited to situations involving "transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *U.S. v. Guerra*, 94 F. 3d 989, 995 (5th Cir. 1996) (internal quotations omitted).

Rule 2 of the Rules Governing § 2255 Proceedings requires that the motion set forth the grounds for relief and a summary of the facts supporting each of the grounds. Section 2255 requires that the district court grant an evidentiary hearing on a movant's claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." A hearing is not required on claims based on unsupported generalizations, *U.S. v.*

*Guerra*, 588 F. 2d 519, 521 (5th Cir.1979), *cert. denied*, 450 U.S. 934 (1981), conclusory or speculative claims, *U.S. v. Martinez*, 181 F. 3d 627, 628 (5th Cir. 1999) (vague and conclusory allegations not sufficient to trigger a hearing or response from the Government); *U.S. v. Fishel*, 747 F. 2d 271, 273 (5th Cir. 1984) (conclusory and speculative allegations not sufficient to warrant a hearing), or claims decided on direct appeal, *U.S. v. McCollom*, 664 F. 2d 56, 59 (5th Cir. 1981), *cert. denied*, 456 U.S. 934 (1982).

Pursuant to *Stone v. Powell*, Fourth Amendment violations are not a basis for collateral relief in a § 2255 proceeding if the defendant had a full and fair opportunity to raise the issue in the criminal proceeding. 428 U.S. 465, 493-97, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976); *U.S. v. Ishmael*, 343 F. 3d 741, 742 (5th Cir. 2003), *cert. denied*, 540 U. S. 1204 (2004). Because Wheeler had a full and fair opportunity to litigate his Fourth Amendment *Terry* and suppression claims in the criminal proceeding, collateral review of those claims is barred. *See Ishmael*, 343 F. 3d at 742.

Furthermore, Wheeler failed to present his *Terry* issue on appeal and his suppression challenge was rejected by this Court and the Fifth Circuit. Issues that could have been raised on appeal but were not, and issues that were raised and rejected on appeal, are procedurally barred in a § 2255 proceeding. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Wheeler also failed to show cause or prejudice excusing this procedural default. *See Id.*

Wheeler's claims are without merit. He cannot show he is prejudiced by this procedural default because his *Terry* claim and his claim Gaston's consent to the search was coerced are conclusory and contrary to the record. Moreover, in rejecting Wheeler's suppression issue this Court also found Wheeler had no standing to challenge the search of Gaston's residence, a ruling

that is sufficient to uphold the search and which Wheeler does not challenge.  (*See* Docket Entry # 33 at 4.)

### III. Conclusion

Rule 4(b) of the Rules Governing § 2255 Proceedings states "[i]f it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal."  Accordingly, Wheeler's § 2255 Motion to Vacate Federal Sentence (Docket Entry # 114) is **DENIED** and **DISMISSED WITH PREJUDICE**.  All other pending motions are **DENIED** as moot.  Defendant failed to make "a substantial showing of the denial of a federal right" or a substantial showing this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22, *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct.1595, 146 L. Ed. 2d 542 (2000), and therefore this Court **DENIES** Defendant a certificate of appealability.  *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. Wheeler's motion to proceed *in forma pauperis* on appeal (Docket Entry # 113) is denied for the reasons stated above.

It is so ORDERED.

SIGNED this 28th day of August, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE